UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ALINA, LLC                                          CIVIL ACTION NO. 26-cv-692

VERSUS                                              JUDGE S. MAURICE HICKS, JR.

STATE FARM FIRE & CASUALTY CO         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Alina LLC owns a Travelodge hotel at 2134 Greenwood Road in Shreveport that was covered by a State Farm policy.  The property suffered damage from a wind/hail event on February 11, 2024.  Alina retained Malone Roofing, which estimated more extensive damages and a total replacement cost value of $948,087.05.  State Farm inspected the roof and related aspects of the property and estimated a replacement cost value, less depreciation and a $2,500 deductible, and offered payment of $2,012.97.

Upon request from Alina's counsel and Malone Roofing, State Farm reinspected the property on March 12, 2025 and July 18, 2025.  State Farm reaffirmed its initial claim decision.  Alina demanded appraisal under a provision of the State Farm policy on September 6, 2025.  State Farm declined, and Alina commenced this action in state court by filing a Petition to Compel Appraisal.  State Farm removed the case based on diversity jurisdiction.  Now before the court is a Motion to Compel Appraisal (Doc. 13) filed by Alina.

The State Farm policy includes a provision that, in the event the parties disagree on the amount of loss, either may make demand to initiate a non-binding appraisal process. The provision reads as follows:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for an appraisal. The two appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the value of the property and amount of loss. Each party will:
>
> (1) Pay its own appraiser; and
>
> (2) Bear the other expenses of the appraisal and umpire equally.
>
> The outcome of the appraisal is binding neither on you nor us. Appraisal deprives neither you nor us of access to the courts.
>
> If there is an appraisal, we will still retain our right to deny the claim.

State Farm first objects that Alina waived its right to invoke the appraisal process by waiting too long to make the demand. The policy at issue does not appear to specify a deadline, and the parties agree that the law allows a party seeking appraisal to make its demand within a reasonable time after a dispute as to the amount of loss arises. They also appear to agree that about two months delay is reasonable, but four months or more is not absent some exception.

State Farm points to its estimate on October 8, 2024, which came after the Malone roofing estimate, as the trigger point for the period to demand appraisal. It argues that the

latest the clock could start would be when State Farm received a copy of the competing Malone Roofing estimate on October 24, 2024. Alina points out that State Farm later made a second inspection on March 12, 2025 and a third inspection on July 18, 2025. The results were that State Farm affirmed its original opinion.

Alina made its written demand for appraisal on September 6, 2025, less than two months after State Farm's third and final inspection. State Farm's response to Plaintiff's appraisal demand did not cite any concerns about timeliness. Rather, it noted that "State Farm has completed the inspection of the property and we provided our recent estimate which confirms the covered items for this claim." That recent estimate presumably refers to the third inspection report from July 18, 2025. State Farm does not articulate any prejudice stemming from delay. After considering the relevant circumstances presented in the submissions of the parties, the court finds that Alina's demand for appraisal was not waived or forfeited based on untimeliness.

State Farm also objects to appraisal on the grounds that it is inappropriate in this case because the policy provides for appraisal if the parties "disagree on the value of the property or the amount of loss," but in this case there are disputes as to whether covered damage has occurred, the causes of loss, interpretation of policy language, and the like. The parties plainly disagree on the amount of loss, and there are often accompanying disputes about causation and the interpretation of policy provisions. The undersigned recently stated in a similar case that where policy exclusions are in contest, appraisers are permitted to make causation determinations under Louisiana law. And decisions of causation contained in the award may still be challenged by the parties. Ascot Specialty

Insurance Co. v. AA Alpine Storage, 2026 WL 1483556 (W.D. La. 2026).  The existence of such issues in this case does not require a wholesale rejection of the appraisal process that State Farm provided for in its policy.

The next issue is the selection of State Farm's appraiser.  Alina argues that State Farm waived the right to choose its own appraiser when it did not do so within 20 days after receiving Alina's written demand for appraisal.  Alina asks that the court select State Farm's appraiser from a list provided by Alina.  State Farm responds that it denied the request for appraisal in good faith and asks that, if Alina's motion is granted, the court allow State Farm to appoint its own appraiser.  The court will grant that request.

For the reasons stated above, Alina's **Motion to Compel Appraisal (Doc. 13)** is **granted**.  State Farm is directed to notify Alina's counsel in writing of its selected appraiser's identity within ten days of the entry of this order.  The parties are directed to then commence the appraisal process in compliance with the terms of the policy.

Alina asks that the court set a schedule for the appraisal process, but neither party suggests a reasonable time frame for the process.  For now, the court will trust the appraisers to proceed in good faith and on a reasonable schedule consistent with industry practice.

Alina's petition, in addition to asking that appraisal be compelled, set forth claims for breach of the insurance contract and for statutory penalties.  Alina asks that the court stay this proceeding pending the completion of the appraisal process.  State Farm did not object to this request.  **This civil action is stayed** pending further order of the court.  The parties are directed to file a joint status report regarding the status of the appraisal process

by **August 14, 2026**.  If the appraisal process is completed before that date, the parties should promptly notify the chambers of the undersigned magistrate judge and request a scheduling conference.

 THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of June, 2026.

Mark L. Hornsby
U.S. Magistrate Judge