**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

ALINA LLC CIVIL ACTION NO. 26-0692

VERSUS JUDGE S. MAURICE HICKS, JR.

STATE FARM FIRE & CASUALTY COMPANY MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") Objections to the Magistrate Judge's Memorandum Order Granting the Motion to Compel Appraisal (Record Document 21). Plaintiff Alina LLC ("Alina") filed a response in opposition. See Record Document 28. For the reasons set forth below, State Farm's appeal from Magistrate Judge Hornsby's decision is **GRANTED.** The Memorandum Order granting Alina's Motion to Compel Appraisal (Record Document 20) is **REVERSED**.

**FACTUAL BACKGROUND**

Alina owns a Travelodge hotel in Shreveport, Louisiana, that was insured by State Farm. See Record Document 20 at 1. Alina alleges that the property sustained wind and hail damage on February 11, 2024. See id. Alina's contractor estimated the replacement cost value of the damage at $948,087.05, while State Farm estimated a substantially lower amount and offered payment of $2,012.97 after depreciation and application of the deductible. See id. State Farm subsequently reinspected the property in March and July 2025 and reaffirmed its original claim decision. See id. On September 6, 2025, Alina demanded appraisal under the policy, which State Farm declined. See id.

Alina thereafter instituted this action and moved to compel appraisal in state court. See Record Document 1. State Farm removed the suit, and Alina filed a Motion to Compel

Appraisal. See Record Document 13. On June 18, 2026, Magistrate Judge Hornsby granted the motion, finding, among other things, that Alina had not waived or forfeited its right to appraisal based on untimeliness. See Record Document 20. State Farm now appeals that decision pursuant to Federal Rule of Civil Procedure 72(a). See Record Document 21. Alina opposes State Farm's objections. See Record Document 28.

## LAW AND ANALYSIS

### I. Applicable Standards

Rule 72(a) of the Federal Rules of Civil Procedure governs the review of magistrate judge orders by district court judges. Rule 72(a) provides in pertinent part that "[a] party may serve and file objections to the order within 14 days after being served with a copy. ... The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). This standard requires a district court to affirm the decision of the magistrate judge "unless, based on all of the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake." Douga v. D & Boat Rentals, Inc., 2007 WL 1428678, at *2 (W.D. La. May 10, 2007) (citing Moody v. Callon Petroleum Operating Co., 37 F.Supp.2d 805, 807 (E.D.La.1999)).

### II. Analysis

State Farm objects only to Magistrate Judge Hornsby's determination that Alina did not waive its right to appraisal by failing to timely invoke it. See Record Document 21. State Farm argues that the parties' dispute arose no later than October 24, 2024, when it received Malone Roofing's competing estimate, and that the Magistrate Judge erred by

effectively restarting the appraisal period based on State Farm's subsequent reinspections. See Record Document 21 at 2–3.

The Magistrate Judge correctly recognized that because the Policy contains no specific deadline for demanding appraisal, appraisal must be invoked within a reasonable time after a dispute as to the amount of loss arises. See Record Document 20 at 2; see also Marquette v. S. Fid. Ins. Co., No. CV 14-2311, 2015 WL 13529953, at *3 (E.D. La. May 19, 2015). Courts analyzing the timeliness of an appraisal demand generally consider two questions: (1) when did a "dispute as to the amount of loss" arise; and (2) was appraisal demanded within a reasonable time after that dispute arose? See Armendariz v. S. Fid. Ins. Co., No. CV 20-2151, 2021 WL 4033319, at *2 (E.D. La. Aug. 16, 2021).

As to the first question, courts consider when the insurer "had sufficient information to act on the claim, either by compensating plaintiffs under the policy or disputing the claim via the appraisal process." Nguyen v. St. Paul Travelers Ins. Co., No. 06-4130, 2007 WL 1672504, at *4 (E.D. La. June 6, 2007). Although "[t]here is no formulaic approach to determine what qualifies as sufficient information," the Fifth Circuit has recognized a contractor's repair estimate as evidence that the parties possessed sufficient information to recognize a disagreement regarding the amount of loss. Armendariz, 2021 WL 4033319, at *2; see Dwyer v. Fid. Nat. Prop. & Cas. Ins. Co., 565 F.3d 284, 285–86 (5th Cir. 2009).

Here, the Court finds that the parties possessed sufficient information to recognize their dispute no later than October 24, 2024. By that date, State Farm had already determined that the replacement cost value of the covered damage was $6,681.40. See

Record Document 21 at 2. State Farm then received Malone Roofing's competing estimate, which placed the replacement cost value at $948,087.05. See id. at 3. The enormous disparity between those estimates plainly established a disagreement regarding the amount of loss. Thus, by October 24, 2024, the parties possessed sufficient information to recognize the existence of the appraisal dispute.

The Court respectfully disagrees with the Magistrate Judge's reliance on State Farm's subsequent reinspections in determining the timeliness of Alina's demand. State Farm reinspected the property in March 2025 and again in July 2025, but those inspections did not result in a new estimate or materially alter the parties' respective positions. Rather, the subsequent reinspections merely confirmed the original claim determination and the disagreement that already existed. Although the Magistrate Judge did not expressly hold that a reinspection automatically restarts the period for demanding appraisal, measuring the reasonableness of Alina's demand primarily from the July 2025 reinspection effectively produced that result. Nothing in the jurisprudence cited by the parties supports restarting the appraisal period merely because an insurer continues investigating a claim without materially changing its position.

Turning to the second question, Alina did not demand appraisal until September 6, 2025, more than ten months after the dispute arose. See Record Document 21 at 3. Courts have generally found that delays of four months or more after awareness of the dispute are unreasonable "absent some exception," while periods of approximately two months or less are generally reasonable. Marquette, 2015 WL 13529953, at *4. Other courts applying Louisiana law have likewise found appraisal demands untimely after substantially shorter delays than the one presented here. See Police Jury of Beauregard

Par. v. AmGuard Ins. Co., No. 2:22-CV-02784, 2023 WL 2701663, at *2 (W.D. La. Mar. 29, 2023) (approximately seven months).

The Court agrees with the Magistrate Judge that, because the Policy contains no specific deadline for demanding appraisal, appraisal must be invoked within a reasonable time after a dispute as to the amount of loss arises. The Court disagrees, however, with the Magistrate Judge's application of that rule to the facts of this case, specifically, his determination of when the relevant dispute arose. The caselaw makes clear that the relevant point is the parties' initial disagreement as to the amount of loss, not the conclusion of subsequent inspections or continued negotiations. The jurisprudence further provides that a delay of approximately four months from the time that dispute arises approaches the outer limit of what courts have considered reasonable. See Marquette, 2015 WL 13529953, at *4.

Here, the undisputed facts establish that the parties had dramatically competing estimates by October 24, 2024. At that point, the parties plainly disagreed as to the amount of loss, and the appraisal period began to run. State Farm's subsequent inspections did not materially alter either party's position or restart that period. Alina nevertheless waited more than ten months from the initial disagreement to invoke appraisal. Under these circumstances, Alina did not demand appraisal within a reasonable time after the dispute arose.

Accordingly, the Court finds that the Magistrate Judge erred in applying the reasonable-time standard to the undisputed facts of this case. State Farm's objection is therefore **SUSTAINED**, and the Magistrate Judge's Memorandum Order granting Alina's Motion to Compel Appraisal (Record Document 20) is **REVERSED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 31st day of August, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT